*Mooar,* for appellant.

---

F. M. DODD'S ADMR. *v.* S. S. STORY.

Resulting Trust—Parol Agreement for Purchase of Land—Entry and Occupancy.

A tract of land was entered by three patentees, but the patent was issued in the name of only one. Dudd entered on and used one-third of the land, for some forty years without interruption. Held that a trust resulted to him in one-third of the land and his entry regarded as an appropriation, with the assent and approbation of appellee.

APPEAL FROM GRAVES CIRCUIT COURT.

December 14, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

In the answer of appellee filed in the suit of Kelsoe & Clark against him and others, it is stated that decedent, William Story, and himself entered a quarter section of land in partnership, each furnishing an equal portion of the money, and the patent was issued to defendant, S. S. Story, and by agreement, J. C. Dodds was to take his portion off the southeast corner of said quarter. This answer was subscribed and sworn to by appellee.

The evidence shows that one-third of said quarter section was laid off to decedent, that he entered upon it some forty years before appellee's cross petition was filed, and lived on it up to his death, which occurred in 1860.

The language of the answer herein quoted, seems to admit of no other construction, than that each one of the partners paid at the time, one-third of the cost of entering the land, and although the patent issued in the name of S. S. Story, a trust resulted to decedent for the one-third of the tract, and the entry on and

occupancy of it by him so long without interruption, must be regarded as an appropriation of that part of the tract by him, with the assent and approbation of appellee.

It is clear from the evidence that decedent at his death was indebted to appellee, but as the amount is not ascertained, he should be permitted to verify his claim and present it for allowance.

But the judgment in appellee's favor for the land cannot be sustained. A lien, or incumbrance on it could not be created by parol, it must for the reasons herein be reversed, and the cause remanded with directions to dismiss appellee's cross petition, and for further proceedings consistent herewith.

*Stubblefield, for appellant.*

*A. R. Boone, for appellee.*